Civilian pay; reduction in force; transfer of function; sufficiency of administrative decision in absence of detailed findings of fact. — Plaintiffs, seven former civilian employees of the National Aeronautics and Space Administration (NASA) who were separated from their positions at NASA’s Electronics Research Center (ERC), Cambridge, Massachusetts, through a reduction in force, seek entitlement to an opportunity for transferred employment pursuant to 5 U.S.C. §3503(a) (1976). With the closing of ERC, much of its research work was brought to an end; some research tasks were, however, transferred to other NASA research centers, principally the Langley Research Center at Hampton, Virginia, and, to a lesser extent, the Ames Research Center at Moffett Field, California. The plaintiffs had been identified with this transferred work while at ERC; they, however, were not transferred with it nor given the opportunity to do so. Instead, their positions were terminated. On reopening and reconsideration the Civil Service Commission upheld the termination actions, finding that the work being performed at Langley was not a function different from that performed by the plaintiffs at ERC. Thus there could be no transfer of functions and no statutory entitlement to transferred employment. No written findings of fact accompanied the decision. Plaintiffs contend that the work performed by them at ERC and the research conducted at Langley were not identical and therefore the functions of the two agencies were not *558 identical. Thus there was in fact a transfer of functions entitling them to an opportunity for transferred employment. On April 19, 1979 Trial Judge John P. Wiese filed a recommended opinion upholding the decision of the Civil Service Commission. The trial judge found that although ERC conducted advanced basic research and Langley primarily undertook applied research, the latter also performed basic research as a clearly identifiable segment of its mission. There was a functional overlap regarding basic research between the two agencies. Langley’s tasks might have been seen as unique, but they still fell under the rubric of basic research. Identity of function does not require identity of work. Thus when the work performed by the plaintiffs was transferred to Langley it did not undertake a class of activity it did not have before. There being no difference in functions there was no transfer of functions entitling the plaintiffs to an opportunity for transferred employment. The trial judge also rejected the plaintiffs’ argument that the Civil Service Commission’s failure to articulate the findings of fact upon which its decision was based rendered the Commission’s decision procedurally deficient and legally unacceptable. The procedural rights that the plaintiffs were entitled to were established by statute and regulation. Neither required the Civil Service Commission’s decision in this reduction in force case to have been supported by written findings. On January 18, 1980 the court, by order, adopted the recommended decision as the basis for its judgment in this case, granted the defendant’s cross-motion for summary judgment, denied plaintiffs’ motion for summary judgment, and dismissed the petition.